1
2
3
4
5
6
7

8               **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  ROGER GIFFORD,                           No. CIV S-11-2484-KJM-CMK

12              Plaintiff,

13      vs.                                  ORDER

14  SISKIYOU COUNTY SHERIFF, et al.,

15              Defendants.

16  _____/

17          Plaintiff, proceeding pro se and in forma pauperis, brings this civil action.

18  Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21  § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

22  granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Because plaintiff, who

23  is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the

24  complaint pursuant to § 1915(e)(2).  Under these screening provisions, the court must dismiss a

25  complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon

26  which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from

                                            1

1  such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, the Federal

2  Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim

3  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims

4  must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th

5  Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives

6  the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes

7  v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some

8  degree of particularity overt acts by specific defendants which support the claims, vague and

9  conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to

10 conduct the screening required by law when the allegations are vague and conclusory.

11          Plaintiff's complaint is not clear; his claims are generally vague and conclusory.

12 It appears that he is complaining about an allegedly unlawful traffic stop wherein he was possibly

13 arrested and his medical marijuana confiscated.  His claims appear to allege that officers of both

14 the California Highway Patrol and the Siskiyou County Sheriff acted together in this purported

15 illegal stop, and perhaps that his vehicle was searched without cause.

16          Plaintiff's allegations are too vague and conclusory for this court to understand

17 and screen properly.  However, there are some general deficiencies plaintiff needs to be aware of,

18 as they can be cured.  First, the vague allegations against the "officers" are insufficient to state a

19 claim against any specific defendant.  To state a claim under 42 U.S.C. § 1983, the plaintiff must

20 allege an actual connection or link between the actions of the named defendants and the alleged

21 deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423

22 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within

23 the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

24 omits to perform an act which he is legally required to do that causes the deprivation of which

25 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

26 conclusory allegations concerning the involvement of official personnel in civil rights violations

are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The only "officers" plaintiff has identified are Darrel Lemons and Ben Grossman.  However, he fails to specify exactly what action either of these two defendants took which violated his constitutional rights.  He fails to even specify whether these two officers were involved in the traffic stop, obtaining a search warrant, or were somehow otherwise involved in the alleged violations.  Such vague allegations are insufficient to give the defendants fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes, 84 F.3d at 1129.

In addition to these two individuals, plaintiff names both the Siskiyou County Sheriff and the California Highway Patrol as defendants to this action.

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities.  See id.  Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  The Eleventh

3

1   Amendment also does not bar suits against cities and counties.  See Monell v. Dep't of Soc.

2   Servs., 436 U.S. 658, 690 n.54 (1978).

3            Here, Plaintiff names the California Highway Patrol as a defendant.  However, the

4   California Highway Patrol is a state agency, thus protected from suit under the Eleventh

5   Amendment.  As such, it does not appear possible for plaintiff to proceed with his claim against

6   the California Highway Patrol.

7            Municipalities and other local government units are among those "persons" to

8   whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

9   Counties and municipal government officials are also "persons" for purposes of § 1983.  See id.

10  at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local

11  government unit, however, may not be held responsible for the acts of its employees or officials

12  under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S.

13  397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not

14  of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the

15  plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

16  custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to

17  withstand dismissal even if it is based on nothing more than bare allegations that an individual

18  defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los

19  Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

20           Plaintiff's claims against the Siskiyou County Sheriff are unclear and vague.

21  However, that defect is curable, and plaintiff should be mindful of what is required to state a

22  claim against such a municipal agency.

23           Because it is possible that the deficiencies identified in this order may be cured by

24  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

25  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

26  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

4

1  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

2  amend, all claims alleged in the original complaint which are not alleged in the amended

3  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

4  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

5  plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

6  complete in itself without reference to any prior pleading.  See id.

7         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8  actions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis

9  v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each

10  named defendant is involved, and must set forth some affirmative link or connection between

11  each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167

12  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13         Finally, plaintiff is warned that failure to file an amended complaint within the

14  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

15  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

16  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

17  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

18         Accordingly, IT IS HEREBY ORDERED that:

19         1.      Plaintiff's complaint is dismissed with leave to amend; and

20         2.      Plaintiff shall file a amended complaint within 30 days of the date of

21  service of this order.

22

23  DATED:  October 28, 2011

24                                            _____
                                              CRAIG M. KELLISON
25                                            UNITED STATES MAGISTRATE JUDGE

26

5