UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SISKIYOU COUNTY SHERIFF, et al.,<br><br>　　　　　Defendants. | No. 2:11-cv-2484-KJM-CMK<br><br><br>ORDER |

In this action, plaintiff Roger Gifford asserts several federal and state claims against Siskiyou County Deputy Sheriffs and California State Highway Patrol Officers for unlawfully seizing his medical marijuana from his vehicle, arresting him after seizing his marijuana, and searching his house subject to an allegedly unlawful arrest warrant. On June 23, 2016, the magistrate judge issued findings and recommendations, recommending this court grant defendants' motion to dismiss plaintiff's complaint and close the case. ECF No. 69. Although the magistrate judge gave the parties an opportunity to file objections, no party has filed objections.

After a careful review of the file, as explained in this order, the court declines to adopt the magistrate judge's findings and recommendations in full, but rather adopts them only as consistent with this order.

# I. BACKGROUND AND PROCEDURAL HISTORY

The operative amended complaint names Deputies Lemos, Grossman and Richardson from Siskiyou County as defendants (County defendants), as well as Officers Swain, Shadwell, Leighliter, Yates, Baty and McPeek of the California State Highway Patrol (State defendants). First Amended Complaint (FAC) 1:21–25, ECF No. 7.

Plaintiff alleges that on September 19, 2009, he lawfully parked his vehicle on the side of the on-ramp to I-5. FAC at 2:24–25. He then left his vehicle and proceeded in another vehicle traveling to Oregon. *Id.* Upon return, plaintiff saw several of the State defendants standing around his vehicle. *Id.* After Officer Swain seized marijuana found in his vehicle, plaintiff was immediately handcuffed by an unnamed officer and taken to the Highway Patrol headquarters located in Yreka, CA. *Id.* at 3:1–3.

While at headquarters, plaintiff alleges Deputy Lemos found plaintiff's "medical recommendation," identifying plaintiff as a medical marijuana patient under the protection of the California Compassionate Use Act. *Id.* at 3:6–8. Deputy Lemos ignored this recommendation and proceeded to interrogate plaintiff for three hours. *Id.*

While plaintiff was in custody, Deputy Grossman obtained a search warrant from the Honorable Karen L. Dixon with the Siskiyou County Superior Court, based on alleged "false statements." *Id.* at 3:19–25; 4:1–2. With this warrant, state defendants Swain, Shadwell, Leighliter, Yates, Baty and McPeek then proceeded to search plaintiff's house. *Id.* at 3:19–25. In the search, plaintiff's gun safe was destroyed and a World War II knife, a family relic, was damaged. *Id.*

# II. PROCEDURAL HISTORY

Plaintiff originally filed this action on September 19, 2011. ECF No. 1. The complaint was dismissed with leave to amend on October 31, 2011, ECF No. 4, and plaintiff filed the first amended complaint on January 30, 2012. FAC.

Plaintiff's first claim is against the State defendants in their individual capacities for an unlawful search and seizure in violation of the Fourth Amendment. FAC at 4:8–13. Although state defendants searched the house under Judge Dixon's warrant, plaintiff's second

claim is against all defendants in their individual capacities for executing an invalid home search warrant in violation of the Fourth Amendment. *Id.* 4:14–23.

Plaintiff also makes the following six state law claims against all defendants: (1) false arrest, *id.* 5:3–7, (2) "conversion" for property destruction when executing the allegedly invalid search warrant, *id.* 5:10–16; (3) ignoring "class of plaintiff as qualified patient," allegedly for failing to recognize plaintiff as an authorized medical marijuana user before seizing his marijuana, *id.* 5:19–25; (4) unlawful search and seizure, *id.* 6:3–12, (5) freedom of speech deprivation, *id.* 6:16–25, and (6) "torture," allegedly for "coercing interrogation, the intimidation and harassment . . . [in] an ongoing arbitrary and capricious illegal application of the marijuana [laws]," *id.* 8:3–13. Although not pleaded with specificity, all claims allege violations of the California Constitution. *Id.* 5–8.

County and State defendants moved to dismiss plaintiff's first amended complaint. ECF No. 14 (County defendants' motion to dismiss); ECF No. 50 (State defendants' motion to dismiss). County defendants have also moved for sanctions, contending plaintiff's claims are frivolous. ECF No. 65. In the findings and recommendations, the magistrate judge recommends granting County and State defendants' motions to dismiss, but declining to grant County defendants' motion for sanctions. ECF No. 69 at 11.

III.  STANDARD OF REVIEW

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

IV.  DISCUSSION

As a preliminary matter, the court notes neither party has alerted the court to errors in the magistrate judge's factual findings. The court therefore adopts the findings in full. *Orand*, 602 F.2d at 208. However, the court writes separately to discuss why it does not approve the magistrate judge's finding on plaintiff's first Fourth Amendment claim. While the court approves

the balance of the magistrate judge's findings and recommendations, it does so for different reasons, explained below.

   A. Federal Claims

      1. Fourth Amendment Violation for Search of Plaintiff's Automobile (First Federal Claim)

As the Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

There are exceptions to the general rule against warrantless searches, including the automobile exception recognized by the Supreme Court. *Cal. v. Carney*, 471 U.S. 386, 390 (1985). The automobile exception allows that while privacy interests in an automobile are constitutionally protected, the ready mobility of the automobile justifies a lesser degree of protection of those interests than accorded a person's home. *Id.* The automobile exception is also justified by a lessened expectation of privacy "with respect to one's automobile" when compared to "one's home or office." *Id.* at 391.

Where, as here, a vehicle is being used on the highways, "or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes-temporary or otherwise-the two justifications for the vehicle exception come into play," and a warrantless search can be conducted without violating the Fourth Amendment. *Id.* at 392–93. In such instances, only probable cause need be shown. *Id.* at 395. Probable cause exists when there is a fair probability that evidence of a crime will be found in a particular place, here the vehicle. *United States v. Albers*, 136 F.3d 670, 674 (9th Cir. 1998).

In this case, plaintiff's car was on the side of the freeway, and thus presumably mobile and subject to a lowered expectation of privacy. *Carney*, 471 U.S. at 391. The defendants needed only probable cause to search the vehicle in order to avoid liability. *Id.* at 395. Defendants contend the fact they found marijuana when they searched the vehicle provides the

4

probable cause needed to justify the search. ECF No. 50 at 22; ECF No. 14 at 17. But this argument puts the cart before the horse. Probable cause must exist before a search is conducted; it cannot be established after the fact by the fruits of the search. *See Valenzuela-Garcia v. United States*, 425 F.2d 1170, 1172 (9th Cir. 1970) (later obtained marijuana found in plaintiff's car was inadmissible where officers, at time of search, lacked probable cause for search); *compare Fernandez v. United States*, 321 F.2d 283, 287 (1963) (probable cause existed for seizing drugs where officer smelled marijuana emanating from a car's engine department). No defendant represents that he could see the marijuana from outside the car, could smell it, or otherwise had a suspicion as a basis prior to conducting the automobile search. *See generally* ECF Nos. 14, 50. Defendants have not justified the warrantless search under the circumstances present here. Accordingly, defendants' motion to dismiss plaintiff's first Fourth Amendment claim is DENIED, and the Fourth Amendment claim may be included in any amended complaint.

### 2. Fourth Amendment Violation for Invalid Search Warrant (Second Federal Claim)

Plaintiff alleges defendants also violated the Fourth Amendment by executing an invalid warrant to search his home. FAC at 4:14–23.

Generally, there is a presumption of validity with respect to a sworn affidavit supporting a search warrant. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Where a person seeks to attack the validity of an arrest warrant, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Id.* To support a challenger's contention,

> [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Id.*

/////

5

Here, plaintiff alleges only that defendants submitted an affidavit containing knowingly false statements to Judge Dixon, who in turn issued the invalid warrant. FAC at 4:14–23. Even construing this allegation as true, plaintiff does not allege what false statements, if any, were used to obtain the warrant to search plaintiff's home. Without these details, the court cannot determine if the warrant was based on statements "of deliberate falsehood or of reckless disregard for the truth." *Franks*, 438 U.S. at 171.

Accordingly, defendants' motion to dismiss this claim is GRANTED and plaintiff will be given leave to amend. Although the magistrate judge did not assess whether amendment is warranted, the court believes plaintiff may be able to remedy his pleadings in an amended complaint. *See* Fed. R. Civ. P. 15(a) (leave to amend to be granted freely).

B. State Law Claims

As recounted above, plaintiff makes six state claims against all defendants. FAC at 5:1–8:14. Defendants contend the state claims are barred because plaintiff did not allege compliance with the California Tort Claims Act. ECF No. 14 at 15–16; ECF No. 50 at 31–32.

The California Government Claims Act, also known as the California Tort Claims Act, Cal. Gov't Code §§ 900 *et seq.* (CTCA) requires, as a condition precedent to suit for damages against a public entity, including a public entity's employees, the timely presentation of a written claim and the rejection of the claim in whole or in part. *See Mangold v. Cal. Pub. Utilities Comm'n,* 67 F.3d 1470, 1477 (9th Cir.1995) (citing *Snipes v. City of Bakersfield,* 145 Cal. App. 3d 861 (1983)). A "public entity" includes the state, counties, public agencies and any other public entity or a public employee or any other political subdivision or public corporation of the State. Cal. Gov't Code § 811.2 (definition applicable to CTCA). Timely presentation of claims is not merely a procedural requirement but is an element of a plaintiff's claim for relief or claim. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). Under California law, failure to allege facts either demonstrating or excusing compliance with the CTCA subjects a complaint to dismissal for failure to state a claim. *See Cal. v. Superior Ct. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004).

/////

Here, because plaintiff did not allege compliance with the CTCA, his state law claims must be dismissed, but with leave to amend to cure this omission, if possible, while complying with Federal Rule of Civil Procedure 11.

## V. CONCLUSION

Based on the foregoing, the findings and recommendations are ADOPTED to the extent consistent with this order. In particular, defendants' motion to dismiss plaintiff's Fourth Amendment claim based on an allegedly unconstitutional search is DENIED; defendants' motion to dismiss plaintiff's Fourth Amendment claim for the execution of an allegedly invalid search warrant is GRANTED with LEAVE TO AMEND; and County defendants' motion for sanctions is DENIED for reasons articulated in the findings and recommendations, *see* ECF No. 69 at 10–11.

Within fourteen (14) days of this order, plaintiff shall file any second amended complaint. This matter is referred back to the magistrate judge for future proceedings, as provided by the local rules.

This order resolves ECF Nos. 14, 50 and 65.

IT IS SO ORDERED.

DATED: September 6, 2017.

_____
UNITED STATES DISTRICT JUDGE